UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DANIEL EDWARD HILL, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>Defendant. )<br>) | No. 13 cv 2014 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for Social Security Disability Insurance and Supplemental Security Income Benefits. Briefing concluded August 14, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration and further development of the record.

Mr. Hill claims disability due to chronic obstructive pulmonary disease, degenerative cervical spondylosis with right spinal accessory neuropathy, major depressive disorder, pain disorder associated with both psychological and general medical conditions, and schizoid personality disorder. The Administrative Law Judge (ALJ) held a hearing on plaintiff's claim on September 6, 2012. On September 18, 2012, the ALJ issued her decision, holding against the plaintiff. On December 1, 2012, the Appeals Council denied plaintiff's request for review. Having thus exhausted his administrative remedies, plaintiff filed a complaint in this court on February 6, 2013.

Plaintiff asserts that the ALJ failed to give sufficient weight to the opinion of the examining and treating psychiatrist, Dr. William Crowley, MD, and also incorrectly evaluated Mr. Hill's subjective allegations about his symptoms. Accordingly, plaintiff

asserts that the Commissioner's decision is not supported by substantial evidence as a whole on a sufficiently developed evidentiary record.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review, the court finds that the ALJ failed to afford adequate weight to the views of plaintiff's examining and treating psychiatrist, Dr. Crowley, the sole testifying medical expert, and did not have other expert testimony, instead substituting her own layman's opinion on this medical question. If a treating medical expert's opinion is supported by the record, which it is in this case, it must be given controlling weight, i.e. it must be adopted, especially if there is no expert testimony to contradict it. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998.)

Dr. Crowley assigned Mr. Hill a Global Assessment Functioning (GAF) score of 47 (R. 362) on July 12, 2012. A GAF rating between 41 and 50 indicates that the individual suffers from "serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning." (DSM-IV, p. 34.) The Eighth Circuit has recognized the severity of impairments suffered by claimants with GAF ratings of 50 or below. Pate-Fires v. Astrue, 564 F.3d 935 (8th Cir. 2009); Brueggemann v. Barnhart, 348 F.3d 689 (8th Cir. 2003.) The ALJ notes that Dr. Crowley only examined Mr. Hill once, and therefore did not have a long term treating relationship, which was the reason she gave the doctor's

2

testimony "little evidentiary weight." Plaintiff counters that while Dr. Crowley may indeed have only examined Mr. Hill once, his testimony was also based on six or seven other examinations by Dr. Crowley's colleagues, between April 25, 2012 and August 30, 2012. This may not be the strongest case for plaintiff; direct testimony from those other examining colleagues before the ALJ would be preferable. Yet the ALJ did not cite the testimony of any treating psychiatrist or any other psychiatrist or medical expert, examining or even non-examining, to contradict Dr. Crowley. Thus the record contains the testimony of one treating psychiatrist who, based on his own albeit brief examination as well as that of his unnamed colleagues, testified on behalf of plaintiff, with no expert testimony whatsoever contradicting this testimony. This is too sparse a record upon which to find that plaintiff is not disabled. Although plaintiff's attorney bears initial responsibility to gather and introduce such evidence, the ALJ also has a duty to develop the record when necessary. 20 C.F.R. §404.1545(a)(3) states:

> In general, you [plaintiff] are responsible for providing the evidence we will use to make a finding about your residual functional capacity. However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history.

The ALJ's obligation to develop the record "is triggered... when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001), similarly Highfill v. Bowen, 832 F.2d 112, 115 (8th Cir. 1987); Muncy v. Apfel, 247 F. 3d 728 (8th Cir. 2001.) The record here is inadequate to make a determination that plaintiff is not disabled. Further development is warranted before that conclusion is reached, if at all.

3

Accordingly, on balance considering the record as a whole, the ALJ failed to give sufficient weight to the medical opinion of the sole examining psychiatrist, therefore her decision is not supported by the record as a whole, and that record may need to be further developed. This matter shall be reversed and remanded for further consideration of the opinion of the sole treating psychiatrist, a fuller exploration of the results of the examinations by Dr. Crowley's colleagues who also actually examined Mr. Hill if that can be obtained, and for further development of the record in general. It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

September 26, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

4

Case 6:13-cv-02014-EJM   Document 12   Filed 09/26/13   Page 4 of 4